## Application of PRUDEN.

(Court of Appeals of District of Columbia. Submitted March 22, 1921. Decided May 2, 1921.)

No. 1419.

1. Patents ⟷62—Application for apparatus for mixing fuel with air held anticipated.

An application for patent for a device for mixing comminuted fuel with air, the claimed novelty of which was the introduction of the air in currents across the path of the fuel, so as to promote the mixing, held anticipated by other patents, which disclosed the same feature.

2. Patents ⟷20—Elongation of fuel-mixing chamber is not invention.

The fact that applicant for a patent for a device for mixing comminuted fuel and air shows an elongated mixing chamber, while that in the anticipating patent was short, does not establish invention.

Appeal from the Commissioner of Patents.

Application by Harry B. Pruden for a patent. From a decision of the Commissioner of Patents, denying the application on the ground of anticipation, the applicant appeals. Affirmed.

A. V. Cushman, of Washington, D. C., for appellant.
T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from the refusal of the Commissioner of Patents to grant a patent upon a device which he describes as follows:

"The appellant's invention is a device designed for mixing comminuted fuel with air and conveying the same to a burner. Briefly described, it comprises an elongated mixing chamber, with perforations distributed longitudinally of the chamber, through which air under pressure is admitted from a surrounding chamber. The currents of air so admitted are directed substantially transversely of the mixing chamber, and in their passage across it they meet and intimately commingle with a jet of comminuted fuel which is being projected longitudinally of the chamber by an air blast from one end thereof to the other, where the burner is situated."

[1] The Commissioner found that the invention of appellant is anticipated by a number of patents. We have examined the references, and find the anticipation most complete in a patent to one Fogler, of December 14, 1915, and a patent to one Caracristi, of February 6, 1917.

Appellant contends that the distinction between his invention and the prior art consists in the induction of cross-currents of air, which mix the air and fuel so that a complete combustion takes place immediately upon the delivery of the fuel in the furnace. It is urged that in prior inventions the air was injected into the cylinder through which the fuel was driven longitudinally in the same direction with the fuel, and, instead of mixing with the fuel, it enveloped the fuel, and thus prevented combustion until it had passed from the cylinder a considerable distance into the furnace.

Appellant forces the air into the cylinder transversely, with the result that combustion takes place immediately when the fuel enters

the furnace. While the transverse injection of the air in the Fogler device is not so marked as in appellant's machine, the induction of the air is from a surrounding chamber into a nozzle-like mixing chamber, with considerable transverse direction, which, we think, would tend to mix the air and fuel for immediate combustion upon entering the furnace.

In the Caracristi device, the air jets are admitted from the air chamber, apparently in almost as transverse direction as in appellant's machine. This feature of appellant's invention, which is about all there is to it, is clearly anticipated by these two patents, as well as by other references cited, though in a less pronounced degree.

[2] Stress is laid upon the fact that appellant shows an elongated mixing chamber, while, for example, in Caracristi the chamber is short. Elongated chambers are not new in the art, as appears in a reference to a patent issued to one Martindale, December 31, 1912. The mere enlargement of the fuel-mixing cylinder, either in length or diameter, does not constitute invention. Edison et al. v. Alsen's American Portland Cement Works, 219 Fed. 895, 135 C. C. A. 559.

"If the act or improvement be the mere modification, variation, or carrying forward of the principle involved in a previous invention or discovery, a patent will be denied. No patent should issue, nor will it be valid if issued, for an improvement which is merely a new application of knowledge already possessed by those skilled in the art." In re Klemm, 21 App. D. C. 186, 190.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.