## In re SHAFFER.

(Court of Appeals of District of Columbia. Submitted March 10, 1924. Decided April 7, 1924.)

### No. 1649.

Patents ⚙═19—Claim for improvement of device for recovering broken sucker rods from well tubing rejected as not involving invention.

Claims of application for patent comprising slip socket designed to recover broken sucker rods from well tubing, which was substantially same as that disclosed by prior patent, except that opening in lower end of slips is larger, thus making it possible to grip coupling, as well as pin or shank of rod, *held* properly disallowed, as improvement was so obvious as not to involve invention.

Appeal from the Commissioner of Patents.

In the matter of the application of Ernest J. Shaffer. From a decision disallowing four claims for a patent, applicant appeals. Affirmed.

Charles E. Brock, of Cleveland, Ohio, for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office disallowing four claims for a patent. The device involved comprises a slip socket designed to recover broken sucker rods from well tubing. The sucker rods are about 25 feet in length and joined together in a long chain, and thus are used to reciprocate the pumping piston in the well tubing. Because of vibration and strain, these rods frequently break, either along the shank at a distance from the screw socket or close to the coupling. The coupling itself may separate, leaving the screw threaded pin projecting. It was to recover the lower part of the chain or sucker rods that applicant's device was constructed.

The claims were rejected on the patent to Stewart, No. 1,123,615. In his specification, after stating the various elements of his combination, applicant says:

"This combination, in itself, is old, and I make no claim to it, except as it is affected by the improvements, residing principally in the barrel and slips, which my invention imports into it."

In other words, applicant's device is substantially the same as that disclosed by Stewart, except that the opening in the lower end of the slips is larger than the Stewart opening, thus making it possible to grip a coupling as well as a pin or a shank of a rod.

The Examiner, after pointing out the only difference in the two devices, said that all Stewart needed to do was to "make the sucker rods and couplings smaller, or the barrel and slips larger," and that this change was so obvious as not to involve invention.

The Examiners in Chief directed attention to the Stewart specification, in which he states that the object of his invention "is to provide slips which will catch rods or other articles of different diameters without requiring the slips to be exchanged for others of different size." The Board then concluded that it would occur to any one skilled in the art, after reading this specification, either to enlarge the opening in the barrel of the Stewart device or the opening formed by the slips; in other words, that, given the combination of Stewart and his object, one skilled in the art would do exactly what applicant has done.

On appeal the Assistant Commissioner, after analyzing the Stewart specification, said:

"There is, therefore, a clear suggestion that Stewart contemplated using the same slips to engage rods, or parts of rods of different diameters. He did not make the opening in the barrel and in the slips large enough to embrace the coupling. Appellant has made this change, so that, not only may the rod or the pin of a broken coupling be engaged, but if the break occurs close to the coupling the slip socket will pass over the coupling so the slips may engage it. * * * Stewart having taught that the slip socket may be large enough to engage different sized rods or a rod or pin, it was but a mere carrying forward of the same idea to make the slip socket big enough to engage a third and larger part of the rod—that at the coupling. * * * The devices of the application and of the patent are mechanically identical. Any one seeing the Stewart device, reading the specification describing it, and understanding the nature of the use to which it is put, would readily understand the advantage of making the opening large enough to catch a portion of the rod which was of the diameter of the coupling."

We are constrained to adopt the views of the Patent Office tribunals. See In re Pruden, 273 Fed. 362, 50 App. D. C. 398, and Railroad Supply Co. v. Elyria Iron Co., 244 U. S. 285, 37 Sup. Ct. 502, 61 L. Ed. 1136. In the case last cited it was held that the mere carrying forward of the original thought by a change only in form, proportion, or degree—that is, by substantially the same means, but with better results—is not invention.

It results that the decision is affirmed.

Affirmed.